UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK W. BENJAMIN,

                Plaintiff,

    v.                                                  6:25-cv-00302 (AMN/PJE)

JACOB A. WETZEL and DANIEL OSSA,

                Defendants.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**MARK W. BENJAMIN**
128 Morningside Drive
Oneonta, New York 13820
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On March 7, 2025, plaintiff *pro se* Mark W. Benjamin ("Plaintiff") commenced this action against defendant New York State Troopers Jacob A. Wetzel and Daniel Ossa (together, "Defendants") in connection with a traffic stop conducted by Defendants that resulted in Plaintiff's arrest. Dkt. No. 1 ("Complaint"). Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. No. 7 at 2.[1]

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on December 8, 2025, recommended

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

that the Complaint be dismissed with leave to amend. *Id.* ("Report-Recommendation"). Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 10. Instead of filing objections, Plaintiff filed an amended complaint on December 17, 2025. Dkt. No. 9 ("Amended Complaint").

The Court reviews the sufficiency of the allegations in Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e).[2] Following that review, and for the reasons discussed below, the Court finds that the Amended Complaint's false arrest allegations, liberally construed, are sufficient to require a response from Defendants.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e), "a district court must dismiss a complaint filed *in forma pauperis* if it determines that the action '(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'" *Caldwell v. Barriere*, 844 F. App'x 461, 461 (2d Cir. 2021) (quoting 28 U.S.C. § 1915(e)(2)(B)). To avoid *sua sponte* dismissal, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The Court must also dismiss an action *sua sponte* where it lacks subject matter jurisdiction." *Murray v. New York*,

---

[2] The Court does not review the Report-Recommendation assessing the sufficiency of the allegations in the Complaint, given the subsequent filing of an Amended Complaint. Dkt. No. 9.

No. 24-cv-08015, 2024 WL 5009955, at *1 (S.D.N.Y. Dec. 6, 2024) (first citing Fed. R. Civ. P. 12(h)(3); and then citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). "Although district judges should, as a general matter, liberally permit *pro se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Moreover, a plaintiff's *pro se* status does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983).

### III.   DISCUSSION

#### A.   Amended Complaint

Liberally construed, Plaintiff's amended allegations sufficiently detail the factual circumstances under which Defendants arrested him following a traffic stop on October 12, 2024. *See generally* Dkt. No. 9 at 4-5. Plaintiff also details various alleged actions taken by each Defendant, including the administration of several field sobriety tests. *Id.* at 4. In sum, Plaintiff alleges Defendants arrested him improperly and that all charges against him, including traffic violations, were dismissed in Oneonta Municipal Court on December 11, 2024. *Id.* at 5.

Plaintiff styles his claims as "4th amendment, false arrest," and appears to suggest that they arise under both federal and state law. *Id.* at 3; *see also* Dkt. No. 7 at 4 (noting that it is unclear whether the initial complaint sought to proceed under state or federal law).

3

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures[,] is substantially the same as a claim for false arrest under New York law." *Alexander v. City of Syracuse*, 132 F.4th 129, 156 (2d Cir. 2025) (alteration in original) (quoting *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021)). "To establish a false arrest claim under New York law, a plaintiff must adequately allege '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Carruthers v. Colton*, 153 F.4th 169, 179 (2d Cir. 2025) (quoting *Aponte v. Perez*, 75 F.4th 49, 59-60 (2d Cir. 2023)). "Under both federal and New York state law, probable cause is a complete defense to a false arrest claim." *Id.* (quoting *Triolo v. Nassau Cnty.*, 24 F.4th 98, 106 (2d Cir. 2022)).

At this early stage, Plaintiff's false arrest claims against Defendants under Section 1983 and New York law, liberally construed, survive initial review and are sufficient to require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### B.  Plaintiff's Motions

In addition to the Amended Complaint, Plaintiff has filed an amended request to proceed *in forma pauperis* ("IFP"), Dkt. No. 10, and an amended request for the appointment of counsel, Dkt. No. 11.

Because Plaintiff is already proceeding IFP, his amended request to do so is denied as moot.[3]  Plaintiff's additional correspondence regarding his "application to proceed [IFP,]" Dkt. No. 6 at 1, is similarly denied as moot.

---

[3] As Magistrate Judge Evangelista noted, "Plaintiff is advised that [IFP] status does not excuse him from his financial responsibility for any costs or fees he may incur in this action." Dkt. No. 7 at 2 n.1.

Plaintiff's amended request for counsel is also denied. The stated grounds in Plaintiff's amended request simply rephrase those in his initial request. *Compare* Dkt. No. 11 at 1, *with* Dkt. No. 5 at 1. Magistrate Judge Evangelista considered and addressed these grounds. Dkt. No. 7 at 7-9. That Plaintiff spoke with one additional attorney, seemingly briefly, does not change the analysis. Dkt. No. 11 at 1, 3; *see also Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case.") (citation omitted). Further, Plaintiff has indicated that two of the attorneys with whom he communicated declined to take his case after reviewing documentation of his arrest. Dkt. No. 5 at 2. Thus, the Court agrees with Magistrate Judge Evangelista that it is too early to determine whether Plaintiff's claims are likely to be of substance. Dkt. No. 7 at 9; *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 9, is the operative complaint; and the Court further

**ORDERS** that Plaintiff's claims against Defendants for false arrest under Section 1983 and New York State law **SURVIVE initial review and require a response**; and the Court further

**ORDERS** that Plaintiff's requests related to his IFP application, Dkt. Nos. 6, 10, are **DENIED as moot**; and the Court further

**ORDERS** that Plaintiff's amended request for the appointment of counsel, Dkt. No. 11, is **DENIED**; and the Court further

    **ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules and close this case.[4]

    **IT IS SO ORDERED.**

Dated: February 17, 2026
        Albany, New York

*/s/ Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.